**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4414**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

QUINSHAWN L. WILLIAMS,

                  Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:10-cr-00168-REP-1)

Submitted:  September 28, 2011          Decided:  October 14, 2011

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinshawn L. Williams was convicted following his conditional guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Williams was sentenced to a total of thirty-six months of imprisonment. On appeal, Williams contends that the district court erred in denying his motion to suppress evidence and statements based on a violation of the Fourth Amendment. He asserts that the officer lacked reasonable articulable suspicion and impermissibly relied on race alone to justify an investigatory stop. Finding no error, we affirm.

We review factual findings underlying the district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). We accord particular deference to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008). When the district court has denied a motion to suppress, we construe the evidence in the light most favorable to the Government. United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008).

Consistent with the Fourth Amendment, an officer may conduct a brief investigatory stop when there is reasonable

2

suspicion based on articulable facts that criminal activity is afoot.  <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000).  Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officers and any reasonable inferences to be drawn at the time of the stop.  <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989).  Reasonable suspicion may exist even if each individual factor alone is susceptible of innocent explanation.  <u>Black</u>, 525 F.3d at 365.  The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience.  <u>United States v. Foreman</u>, 369 F.3d 776, 782 (4th Cir. 2004).

Our review of the record, construed in the light most favorable to the Government, leads us to conclude that the district court's conclusion that reasonable suspicion justified the stop of Williams is sound and that the investigative stop was not impermissibly based solely on race nor Williams' presence in a high crime area.  The district court thus properly denied Williams' motion to suppress.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED